# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54624-8 II |
| Respondent, | |
| v. | |
| C.E.M., | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. – C.E.M. appeals the trial court's civil commitment order. C.E.M. argues that the trial court's findings of fact do not support the trial court's conclusion that C.E.M. is gravely disabled. We affirm.

## FACTS

In 2018, the Grays Harbor superior court dismissed a possession of a stolen vehicle charge because C.E.M. was incompetent to stand trial. C.E.M. was committed to Western State Hospital for evaluation. The trial court entered involuntary commitment orders in December 2018 and May 2019.

In November 2019, the State filed a third petition for 180 days of involuntary commitment. The State alleged that C.E.M. was gravely disabled and continued to present a

substantial likelihood of repeating acts similar to the charged criminal behavior. C.E.M. initially filed a demand for a jury trial, but later withdrew the jury demand and agreed to a bench trial.

After the hearing, the trial court found that felony charges had been dismissed and that C.E.M. continued to present a substantial likelihood of repeating acts similar to the charged criminal behavior as a result of a mental disorder. The trial court also found that, during the current treatment period, C.E.M. threatened, attempted, or inflicted, physical harm on another person and presents a likelihood of serious harm.

The trial court also found that C.E.M. was gravely disabled under both prongs of the definition:

> as a result of a mental disorder is in danger of serious physical harm resulting from the failure to provide for his/her essential needs of health or safety.

> as a result of a mental disorder manifests severe deterioration in routine functioning evidenced by repeated and escalating loss of cognitive or volitional control over actions, is not receiving such care as is essential for health and safety.

Clerk's Papers (CP) at 125. The trial court found the following facts in support of grave disability,

> Prong (a): [C.E.M.] still at risk of serious physical harm due to impulsive behavior and poor judgment, disorganized thoughts; reference [State's] Exhibit 7, showing ongoing delusions and assaultive behavior. Exhibit 7 contains two chart notes; the first shows that [C.E.M.] struck a Western State Hospital staff member in the chin. The second chart note shows that he attempted to strike and spit at staff members even after "contracting" to maintain safe behavior. In the community he could provoke others resulting in harm to himself.

> Prong (b): Court incorporates findings from prong (a) of grave disability. Improvement in daily life skills; impulsivity and lack of insight/judgment could lead to "revolving door" of mental health treatment.

CP at 125.

The trial court concluded that C.E.M. met three criteria for commitment: C.E.M. presented a likelihood of serious harm, C.E.M. presented a substantial likelihood of repeating acts similar to the charged criminal behavior, and C.E.M. was gravely disabled.

The trial court ordered 180 days of commitment for treatment.

ANALYSIS

C.E.M. argues that the trial court's unchallenged findings of fact do not support the conclusion that he was gravely disabled. We disagree.

"Generally, where the trial court has weighed the evidence, appellate review is limited to determining whether substantial evidence supports the findings and, if so, whether the findings in turn support the trial court's conclusions of law and judgment." *In re Det. of LaBelle*, 107 Wn.2d 196, 209, 728 P.2d 138 (1986). Unchallenged findings of fact are verities on appeal. *In re Det. of W.C.C.*, 193 Wn. App. 783, 793 n.5, 372 P.3d 179 (2016).

RCW 71.05.020(23) defines "Gravely disabled" as

> a condition in which a person, as a result of a behavioral health disorder: (a) Is in danger of serious physical harm resulting from a failure to provide for his or her essential human needs of health or safety; or (b) manifests severe deterioration in routine functioning evidenced by repeated and escalating loss of cognitive or volitional control over his or her actions and is not receiving such care as is essential for his or her health or safety.

RCW 71.05.020(23).[1] A person is gravely disabled if either prong of RCW 71.05.020(23) is met. *LaBelle*, 107 Wn.2d at 202.

---

[1] At the time of C.E.M.'s commitment hearing former RCW 71.05.020 (2019) applied. Because the changes made to former RCW 71.05.020 do not substantively change the definition of gravely disabled, we cite to the current version of the statute.

C.E.M. does not assign error to the trial court's findings of fact. Therefore, the trial court's findings are verities on appeal. *W.C.C.*, 139 Wn. App. at 793 n.5. The trial court's unchallenged findings of fact support the conclusion that C.E.M. is gravely disabled.

RCW 71.05.020(23)(a) requires showing C.E.M. is in "danger of serious physical harm resulting from a failure to provide for his or her essential human needs of health or safety." The trial court's unchallenged findings show that C.E.M.'s impulsive behavior, poor judgment, and disorganized thoughts resulted in repeated assaultive behavior. And the trial court found that assaultive behavior and provoking others could result in harm to C.E.M. Because C.E.M.'s behavior could result in serious harm to himself, he is failing to provide for his essential need of safety. Therefore, the trial court's unchallenged findings of fact support the conclusion that C.E.M. is gravely disabled under RCW 71.05.020(23)(a).

RCW 71.05.020(23)(b) requires showing "severe deterioration in routine functioning evidenced by repeated and escalating loss of cognitive or volitional control over his or her actions and is not receiving such care as is essential for his or her health or safety." Here, the trial court found that C.E.M. continued to engage in assaultive and unsafe behavior which demonstrates loss of cognitive or volitional control. And the trial court found that C.E.M.'s lack of insight and poor judgment "could lead to 'revolving door' of mental health treatment." CP at 125. Because of C.E.M.'s assaultive behavior and lack of insight, the trial court's findings support its conclusion that C.E.M. is gravely disabled under RCW 71.05.020(23)(b).

We affirm.

54624-8 II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____

Worswick, J.

We concur:

_____

Lee, C.J.

_____

Cruser, J.